### ENTERTAINMENT CLUBS OF FLORIDA, Inc. v. STATE BEVERAGE DEPARTMENT.
No. 18005.

Circuit Court, Leon County.
February 14, 1962.

James L. Dye, Tallahassee, and Eugene M. Albert, Miami for plaintiffs.

Richard W. Ervin, Attorney General, Joseph C. Jacobs, Ass't. Attorney General, and Sam Pasco, attorney for the Beverage Department, all of Tallahassee, for defendant.

BEN C. WILLIS, Circuit Judge.

This cause came on for hearing before the court upon plaintiff's complaint and the amendment thereto, and plaintiff's motion for temporary injunction on the basis of the allegations and prayer for relief set forth in the complaint and amendment thereto.

Testimony and evidence were produced by the respective parties on February 14, 1962, and considered by the court along with the argument of counsel for the parties hereto.

The court having considered all of the above mentioned and being advised of its opinion in the premises, it is thereupon, on consideration thereof, ordered and adjudged that—

(1) Leave is granted to plaintiffs to amend the complaint to substitute Julio De Joris, Marion Conover, Carol Floyd, and Jan Hunter, also known as Janet Mann, for the original plaintiff herein, the substituted parties being the real parties in interest and representatives of their respective classes as owners, operators, and employees of entertainment clubs which are licensees of the Beverage Department of the state of Florida; and

(2) The court finds that the method of operation of this type of business prior to the enactment of §562.131, Florida Statutes 1961, is now prohibited by such enactment and such prohibition renders a substantial pecuniary loss to plaintiffs which seriously interferes with their former method of pursuing their said occupations; and

(3) The court is of the view that, in order to support an injunction restraining the enforcement of said statute, plaintiffs must make a prima facie showing of the invalidity of the statute, which plaintiffs have failed to do, and, furthermore, that it is not the prerogative of this court to rule on the wisdom of the statute so long as the same is not discriminatory; and

84

(4) It is the view of this court that §562.131, Florida Statutes 1961, is a valid exercise of the police power of the state of Florida and therefore accords with the constitution of the state of Florida, and the constitution of the United States; and

(5) It is thereupon ordered and adjudged and declared that the statute here under consideration is valid and constitutional and that therefore the restraining order prayed for in plaintiffs' complaint should be and the same is hereby denied.